UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:15-CV-60212 ROSENBERG/HOPKINS**

DENNIS LEE KEMP,

    Plaintiff,

v.

USAA CASUALTY INSURANCE CO.,

    Defendant.
_____/

**CASE NO. 0:15-CV-61648 ROSENBERG/BRANNON**

ANDREW BOOTH BUCKMAN,

    Plaintiff,

v.

USAA CASUALTY INSURANCE CO.,

    Defendant.
_____/

**ORDER DENYING USAA'S MOTION TO DISMISS AND MOTION TO STAY**

**THIS CAUSE** is before the Court on USAA Casualty Insurance Company's Motion to Dismiss Complaint, at DE 10 in *Buckman v. USAA Casualty Insurance Co. v. Buckman*, No. 0:15-cv-61648, and on USAA Casualty Insurance Company's Motion to Stay, at DE 67 in *Kemp v. USAA Casualty Insurance Co. v. Kemp*, No. 0:15-cv-60212. The Court has reviewed the Motions, the Responses and Replies thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the Motions are **DENIED**.

1

## I.   PROCEDURAL HISTORY

USAA issued an automobile insurance policy to Andrew Booth Buckman. In November 2010, Buckman was involved in an automobile accident that resulted in the death of Dennis Lee Kemp's wife. Kemp sued Buckman for wrongful death in a Florida state court and obtained a $10 million dollar judgment against Buckman.

Kemp then filed a new state court action against USAA for bad faith and against Buckman for negligence. USAA removed the action to this Court in *Kemp v. USAA Casualty Insurance Co.*, No. 0:15-cv-60212 (hereinafter "*Kemp*"). Buckman filed a cross-claim against USAA for bad faith. *See Kemp*, No. 0:15-cv-60212 at DE 26. However, after Kemp dismissed the negligence claim against Buckman, this Court struck Buckman's cross-claim on the grounds that he was no longer a party. *Id.* at DE 42. Buckman filed a separate action for bad faith against USAA in state court, which USAA removed to this Court in *Buckman v. USAA Casualty Insurance Co.*, No. 0:15-cv-61648 (hereinafter, "*Buckman*").

On August 21, 2015, Buckman moved to consolidate the two cases. *See Kemp*, No. 0:15-cv-60212 at DE 56. On the same day, USAA moved to dismiss the *Buckman* case on the grounds that it was duplicative of the *Kemp* case. *See Buckman*, 0:15-cv-61648 at DE 10. On August 27, 2015, the Court granted Buckman's motion and consolidated the cases for all purposes other than trial. *See Kemp*, No. 0:15-cv-60212 at DE 60; *Buckman*, 0:15-cv-61648 at DE 14.

On October 10, 2016, USAA moved for a stay of discovery until the Court issued a ruling on its motion to dismiss in the *Buckman* case. *See Kemp*, No. 0:15-cv-60212 at DE 67. Buckman responds that a stay is unnecessary because the motion to dismiss should be denied. *Id.* at DE 68.

## II.     ANALYSIS

Buckman and Kemp are both bringing "third-party" bad faith actions, because both allege USAA improperly handled Kemp's claim against Buckman. *See Kemp*, No. 0:15-cv-60212 at DE 1-1 at ¶¶ 10, 14, 17; *Buckman*, No. 0:15-cv-61648 at DE 1-1 at ¶ 16. "[A] third-party bad faith cause of action arises when the insurer fails to act in good faith in handling a claim *brought by a third party* against an insured, whereas a first-party bad faith cause of action arises when an insurer fails to act in good faith in the processing of *the insured's own* first-party claim." *Macola v. GEICO*, 953 So.2d 451, 457 (Fla. 2006) (emphasis added). "[A] bad faith claim under the 'third-party coverage' [can] be maintained either by the 'first party,' i.e., the insured, or by the 'third party,' i.e., the original plaintiff in the tort action." *Progressive Exp. Ins. Co. v. Scoma*, 975 So.2d 461, 465-66 (Fla. Dist. Ct. 2007). Case law generally states that the injured party's bad faith claim (here, Kemp's) is derivative of the insured's bad faith claim (here, Buckman's). *See Macola*, 953 So.2d at 454 n.5; *see also Fidelity & Cas. Co. of New York v. Cope*, 462 So. 2d 459, 460-61 (Fla. 1985) (recognition of common law bad faith action by injured party "did not extend the duty of good faith by an insurer to its insured to a duty of an insurer to a third party"; instead, it "merely allowed the third party to bring such an action in his own name without an assignment" even though the "basis for an action remained the damages of an insured"). *But see Scoma*, 975 So.2d at 465 (noting that the third party "is authorized to bring a bad faith action against [the insurer] for its alleged breach of its duties to [the insured] even if [the insured] is unwilling to cooperate and provide her with an assignment").

USAA argues that, when both the insured and the third party bring third-party bad faith actions against the insurer, the insured's action should be dismissed as duplicative. However, none of the case law cited by USAA holds that, if both the insured and the injured third party

bring bad faith claims, one of these claims must be dismissed. USAA relies solely on general language in case law stating that a claim may be brought by either party, which USAA admits is dicta. *See Kemp*, No. 0:15-cv-60212 at DE 10 at 9-10. Furthermore, Buckman cites several cases where such claims proceeded contemporaneously. *See Kropilak v. 21st Century Ins. Co.*, No. 14-13837, 2015 WL 7273264, at *3 (11th Cir. Nov. 18, 2015) (noting that, after the injured party obtained a judgment against the insured, the two parties "[t]ogether . . . initiated the instant [bad faith] action in state court"); *Macola*, 953 So.2d at 454 (noting the federal district court consolidated third-party bad faith actions brought by insured and third party).

USAA also argues that this Court should dismiss Buckman's claim as "duplicative," under the Court's "inherent authority . . . to administer its docket." *Kemp*, No. 0:15-cv-60212 at DE 10 at 4, 10-13. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) ("Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."). The Court declines to dismiss Buckman's claim on this basis. Considerations of judicial economy have already been addressed through consolidation of these two actions. *See Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (finding that, although two negligence claims were somewhat duplicative, "the Court fails to see how requiring [the plaintiff] to plead all of [defendant's] associated breaches of its duty of care in one count will add to judicial economy and justify dismissing one or the other of the claims for relief").

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. USAA Casualty Insurance Company's Motion to Dismiss Complaint, at DE 10 in *Buckman v. USAA Casualty Insurance Co. v. Buckman*, No. 0:15-cv-61648, is **DENIED**.

2. USAA Casualty Insurance Company's Motion to Stay, at DE 67 in *Kemp v. USAA Casualty Insurance Co. v. Kemp*, No. 0:15-cv-60212, is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 3rd day of December, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE